**FILED**
**Aug 05, 2022**
**09:33 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **JOSHUA FREEMAN,** | ) | **Docket No. 2021-05-0645** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **CERTIFIED MAINTENANCE,** | ) | **State File No. 20077-2019** |
| **SERVICE, INC.,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **ACCIDENT FUND GEN. INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an Expedited Hearing on August 2, 2022, to determine whether Mr. Freeman is entitled to additional medical treatment, specifically the scapular MRI recommended by one of his authorized physicians. The Court finds the evidence does not support Mr. Freeman's contention that the MRI is reasonable and necessary treatment for his compensable injury. Therefore, the Court cannot hold that he is likely to prevail at a hearing on the merits.

## History of Claim

The parties agreed that Mr. Freeman suffered a compensable back injury on March 16, 2019. CMS accepted the claim and provided medical benefits, including treatment with Dr. Stanley Hopp, an orthopedic specialist he selected from a panel.

After physical therapy and an MRI, Dr. Hopp assessed thoracic strain and underlying degenerative disc disease with no objective radiculopathy. He released Mr. Freeman at maximum medical improvement. When Mr. Freeman returned with continuing complaints, Dr. Hopp made a physiatry referral. In response to a letter from the carrier, Dr. Hopp said that, although the thoracic strain was more than fifty percent caused by the work injury, "his ongoing complaints at this time are related to the degenerative disc in the thoracic spine."

1

Despite Dr. Hopp's response, CMS provided a panel of physiatrists, and Mr. Freeman selected Dr. Robert Todd. He told Dr. Todd that his pain began in the low thoracic spine, but over time, it migrated to his left periscapular region and the base of his neck. He also described intermittent numbness and tingling in his small left toe and small left finger. Dr. Todd prescribed more physical therapy and ordered cervical and lumbar MRIs.[1]

When Mr. Freeman returned, Dr. Todd told him that both MRIs were essentially normal, with only mild facet arthrosis in the lumbar region. Dr. Todd found no significant nerve impingement and placed Mr. Freeman at maximum medical improvement. However, because of continued neurological complaints, he referred Mr. Freeman to a neurologist.

Like Dr. Hopp, Dr. Todd also responded to questions from the carrier about the cause of Mr. Freeman's symptoms. He said that the referral to chiropractic treatment was more than fifty percent related to the work injury, but he was unable to "say with more than 50% certainty" the neurological symptoms were related to it. However, Dr. Todd felt the neurological referral was reasonable because Mr. Freeman did not have those problems before the injury.

Even though Dr. Todd could not say the neurological symptoms were primarily caused by the work injury, CMS provided a neurology panel, and Mr. Freeman selected Dr. Larry Gibson. The EMG and nerve conduction studies ordered by Dr. Gibson were normal, as was a left shoulder MRI. As a result, Dr. Gibson completed a Final Medical Report and assigned an impairment rating. However, less than two weeks later, he recommended an MRI of the left scapular and chest region.

Dr. Gibson gave a deposition, where he explained that he ordered the scapular MRI because Mr. Freeman called his office and requested it. Although he said it was an effort to find some answers and develop a plan of treatment, he was skeptical "that we were going to find anything that was going to explain everything." He was unable to say that the MRI was medically necessary because of the work accident. Dr. Gibson was also asked whether, from a neurological standpoint, any additional treatment or tests related to the work accident would be reasonable. He responded "No."

At the conclusion of the hearing, Mr. Freeman noted that Dr. Gibson was unable to say whether his problems are related to the work injury. As a result, he contended that CMS has a duty to provide the scapular MRI in order to determine the cause of his continued symptoms. CMS, on the other hand, contended that Mr. Freeman is not entitled to the MRI because he presented no medical proof that it was made reasonably necessary by his work injury.

---

[1] It appears that CMS also provided chiropractic treatment during this period.

**Findings of Fact and Conclusions of Law**

For the Court to grant Mr. Freeman's request, he must prove he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

CMS did not contest the compensability of Mr. Freeman's claim but contended that he is not entitled to the scapular MRI. Thus, the specific question before the Court is whether Mr. Freeman is likely to prove that the MRI is reasonable and necessary treatment for his work injury.

The Workers' Compensation Law requires an employer to provide reasonable, necessary treatment at no cost to the injured worker. Tenn. Code Ann. § 50-6-204(a)(1)(A). Further, any treatment recommended by a panel physician "shall be presumed to be medically necessary for the treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H).

Applying this standard to Mr. Freeman's claim, the Court finds that he presented no evidence the MRI is *currently* reasonable and necessary. It is true that Dr. Gibson initially ordered the procedure at Mr. Freeman's request, and that recommendation would have been entitled to a presumption of medical necessity. However, he effectively withdrew the recommendation when he testified that he could not say that any treatment or test, including the MRI, was medically necessary because of the work accident. Mr. Freeman thus has no medical opinion supporting his request.

The Court recognizes Mr. Freeman's frustration with his continuing symptoms and understands his contention that testing should continue until the doctors can explain the cause. However, this approach is not supported by existing law. The statute requires expert proof that treatment is medically necessary and reasonable and arises primarily out of the work injury. Because Mr. Freeman did not present that evidence, the Court cannot find he is likely to prove entitlement to the scapular MRI.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Freeman's claim against Certified Maintenance Service for the scapular MRI is denied at this time.

2. This case is set for a Scheduling Hearing on October 12, 2022, at 9:00 a.m. You must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED August 5, 2022.**

_____

**DALE TIPPS, JUDGE**
**Court of Workers' Compensation Claims**

Exhibits:
1. Mr. Freeman's Rule 72 Declaration
2. Transcript of Dr. Larry Gibson's deposition
3. Concentra Records (identification only)
4. Employer's indexed medical records

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Pre-Hearing Brief
5. Employer's Exhibit List
6. Employer's Witness List
7. Employee's Witness List

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 5, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Joshua Freeman | | | X | Jafreeman72@gmail.com |
| Cole Stinson, Employer's Attorney | | | X | Cole.stinson@afgroup.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas              $ _____ per month    Child Care      $ _____ per month

Transportation  $ _____ per month    Child Support   $ _____ per month

Car              $_____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____        (FMV) _____

Other                 $ _____        Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____